**Juan Carlos VALDEZ–BERNAL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Dec. 19, 2007.

Mark T. Roche, Esq., Baker & McKenzie, Palo Alto, CA, Syma Ahmad, Esq., Baker & McKenzie LLP, San Francisco, CA, for Petitioner.

Juan Carlos Valdez–Bernal, El Centro Service Processing Center, El Centro, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jesse Bless, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Anthony W. Norwood, Esq., for Respondent.

Charles Roth, Esq., National Immigrant Justice Center, Chicago, IL, for Amicus.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM **

Juan Carlos Valdez–Bernal petitions for review of the Board of Immigration Appeals' determination that he is an alien and eligible for removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(I), as an alien convicted of a controlled substance offense. Petitioner contends that he is a U.S. citizen by virtue of his father's U.S. citizenship. We have jurisdiction to consider Valdez–Bernal's citizenship claim under 8 U.S.C. § 1252(b)(5).

In 1957, the year of Valdez–Bernal's birth, INA § 301(a)(7) provided that a child was a national and citizen at birth when "prior to the birth of such person, [the citizen parent] was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(a)(7) (1957). Pe-

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**4**

riods of military service counted towards the ten-year physical presence requirement. *Id.*

◼ The record before us supports a conclusion that Valdez–Bernal's father, Carlos E.B. Valdez, was not physically present in the United States for ten years prior to 1957. Although Valdez–Bernal's father was a U.S. citizen and served in the Korean War for two-and-one-half years, the record contains no credible evidence that he was present in the U.S. more than six months before joining the Army in January 1951.

◼ However, Valdez–Bernal was not fully informed of his right to counsel at his removal proceeding because the IJ did not advise him of the availability of free legal services nor was Valdez–Bernal provided with a list of such services, as required by 8 C.F.R. § 1240.10(a). We are unable to determine what counsel may have been able to discover about the time Carlos E.B. Valdez spent in the U.S. Valdez–Bernal's waiver of the right to counsel was not knowing or voluntary and potentially affected the outcome of the proceedings. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). We therefore remand to the BIA with instructions to remand to the Immigration Judge for a new hearing.

◼ The record satisfies us that Valdez–Bernal was born in Guatemala in 1957. He admitted his criminal conviction at a hearing on April 19, 2005. We deny the motion to take judicial notice of the service record of one Carlos P. Valdez. The record is sufficient to satisfy us that Carlos P. Valdez is not the father of petitioner. Petitioner's mother is a Mexican citizen. The only remaining question is whether petitioner's father, Carlos E.B. Valdez, met

the necessary requirements to transmit citizenship to his son. *See Scales v. INS,* 232 F.3d 1159, 1162–63 (9th Cir.2000).

**GRANTED AND REMANDED.**